```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

**DENNIS NELSON**,

       **Plaintiff**,

v.                                          **Case No. 2:10-cv-01414**

**SHARLOTTE MASON,
ROY MASON, and
JULIE MASON,
Adopted Family**,

       **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On December 27, 2010, the plaintiff, an inmate at Marcy Correctional Facility, in Marcy, NY, filed a Complaint against the above-named defendants, but stated that "this is not a lawsuit. This is to find someone that will adopt me because I do not have any family but Sharlotte Mason, Roy Mason and Julie Mason as my step-sister." (Complaint, ECF No. 2, at 4.) The plaintiff states further:

> The only thing I want for a claim is to have a family to take care of me [while] I'm in prison. Because these people I have asked them to adopt me but we did not know how to go through the courts to do so and put me in a prison down by them.

Id. at 5. He asks to be transferred to a West Virginia correctional facility near Sharlotte Mason, who lives at Coxs Mills, WV, in Gilmer County.

This matter is assigned to the Honorable Joseph R. Goodwin,

Chief United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. In Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

It appears that the plaintiff is seeking legal advice, which a court cannot give.  The plaintiff's request has several deficiencies.  First, this Court lacks personal jurisdiction over the plaintiff or the Masons, because they live in Gilmer County,

which is in the Northern District of West Virginia.  Second, United States District Courts do not have subject matter jurisdiction over adoptions; they are handled in the family court of each county. Third, neither this Court nor Gilmer Family Court has the authority to order the transfer of a New York State inmate to a West Virginia correctional facility.  "It is abundantly clear that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request."  Newbold v. Stansberry, No. 1:08cv1266, 2009 WL 86740 (E.D. Va. January 12, 2009), citing Olim v. Wakinekona, 461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed.2d 451 (1976).

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that this Court lacks jurisdiction and the Complaint fails to state a claim upon which relief may be granted. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** with prejudice the plaintiff's Complaint under 28 U.S.C. § 1915A, and **DENY** his Application to Proceed without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code,

Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the presiding District Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff and to Ms. Sharlotte Mason, 1147 Mt. Libert Hill Road, Coxs Mill, WV 26342.

May 4, 2011
    Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge

4